[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12618
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 6, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-00529-TWT-JFK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE MACIA-SANCHEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 6, 2012)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Jose Macia-Sanchez appeals his 77-month sentence imposed following his guilty plea to illegal reentry, in violation of 8 U.S.C. § 1326(a), (b)(2). Macia-Sanchez argues that his sentence is substantively unreasonable.

We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008). "The review for substantive unreasonableness involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in [18 U.S.C.] § 3553(a) support the sentence in question." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (quotation and alteration omitted). We vacate a sentence only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*), *cert. denied*, 131 S.Ct. 1813 (2011) (quotation

omitted).  Although we do not automatically presume a sentence within the guidelines range is reasonable, we ordinarily expect a sentence within the guidelines range to be reasonable.  *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

When sentencing a defendant, a district court shall consider:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with training, medical care, or correctional treatment; (3) the kinds of sentences available; (4) the sentencing guidelines' range; (5) pertinent Sentencing Commission policy statements; (6) the need to avoid unwarranted sentencing disparities among similarly situated defendants with similar records; and (7) the need to provide restitution to victims.  *See* 18 U.S.C. § 3553(a).

After considering the record and the parties' briefs, we find that Macia-Sanchez has not established that his sentence is unreasonable.  Macia-Sanchez has a substantial criminal history, including multiple drug trafficking and firearm offenses, as well as four prior deportations.  Macia-Sanchez's latest illegal reentry

occurred less than a year after his last deportation. The district court calculated Macia-Sanchez's guideline range to be 77 to 96 months' imprisonment, found his arguments in favor of a variance unavailing, and sentenced him to 77 months imprisonment. After considering the totality of the facts and circumstances in light of the 3553(a) factors, we conclude the district court's sentence falls within the range of reasonableness. Accordingly, we affirm.

**AFFIRMED.**